IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-4016-01-CR-C-BP |
| | ) | |
| PETR BABENKO, | ) | |
| | ) | |
| Defendant. | ) | |

## **RESTRAINING ORDER**

Upon consideration of the Government's Motion for Post-Indictment Restraining Order, and pursuant to Title 21, United States Code, Section 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), the Court finds and rules as follows:

1. On February 26, 2013, a federal grand jury sitting in the Western District of Missouri returned an Indictment charging defendants Petr Babenko and Bogdan Nahapetyan with one count of conspiracy, in violation of 18 U.S.C. § 371, and one count of trafficking in illegally-harvested paddlefish and paddlefish eggs, in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B), and 18 U.S.C. § 2.  The Indictment also alleges criminal forfeiture of the following asset, among others, pursuant to 16 U.S.C. § 3374(a): a 2011 Mercedes Benz cargo van, bearing New Jersey License Plate Number P64AMX, and VIN # WD3PF4CC6B5512954 (the "Forfeitable Property").

2. The Government has moved for a restraining order pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), to preserve the status quo and to prevent defendant Babenko and all other persons with notice of this Order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the Forfeitable Property.  The Court finds there is reasonable cause for entry of this Order.  The Indictment has established probable cause that the Forfeitable Property sought to be restrained would be subject to forfeiture to the Government upon the defendant's conviction.  The Court further concludes that, absent such restraint, there is a substantial risk that the Forfeitable Property would not be preserved, and therefore, would not be available for forfeiture in the event of the defendant's conviction.

It is hereby ORDERED that this Restraining Order issue with respect to the Forfeitable Property.

It is further ORDERED that defendant Petr Babenko and his agents, servants, employees, attorneys, family members, all other persons in active concert or participation with him, and those persons, financial institutions, or other entities who have any possession, interest or control over the Forfeitable Property subject to this Order, shall not, without prior approval of this Court, upon notice to the Government and an opportunity for the Government to be heard: a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber or dispose of the Forfeitable Property, in any manner, directly or indirectly; b) cause the Forfeitable Property to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered or disposed of in any manner; or c) take, or cause to be taken, any action which could have the effect of concealing the Forfeitable Property, removing the Forfeitable Property from the jurisdiction of this Court, or damaging, depreciating or diminishing the value of the Forfeitable Property.

Defendant is hereby placed on notice that if the Forfeitable Property is transferred, dissipated or disposed of by any means, and without approval of this Court, the Court may require the defendant to account to the Court for the disposition and location of the Forfeitable Property and any proceeds traceable thereto.

It is further ORDERED that the owner of the Forfeitable Property is required to maintain the present condition of the Forfeitable Property, including timely payment of all loan payments, insurance, taxes and assessments until further order of this Court.

It is further ORDERED that anyone holding a lien on the Forfeitable Property subject to this Order shall respond promptly to requests by the Government for information on said lien's current status. The Government, or its agents, shall serve this Order upon the defendant, and shall provide due notice of the Order to the other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

SO ORDERED this 15th day of April, 2013, in Jefferson City, Missouri.


/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge