IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-04016-CR-C-BP |
| v. ) | |
| ) | |
| PETR BABENKO, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
SECOND MOTION TO DISMISS THE INDICTMENT**

The United States of America, by and through United States Attorney Tammy Dickinson and undersigned counsel, hereby submits its opposition to Defendant's "Motion to Dismiss Indictment on Grounds of Insufficiency of the Indictment and Breach of Fifth Amendment Rights." (Docket Entry 73) (hereinafter "Def. Motion"). The bases for the Government's Opposition are as follows.

**FACTUAL BACKGROUND**

Defendant PETR BABENKO was indicted on February 26, 2013, along with his co-conspirator BOGDAN NAHAPETYAN (collectively, "the Conspirators") on charges of Conspiracy to violate the Lacey Act and Lacey Act trafficking. Indictment (Docket Entry 1). Those counts arose from the Conspirators' actions between March 20, 2012, and April 28, 2012, in negotiating for the purchase of, and purchasing, paddlefish and paddlefish eggs in Benton County, Missouri, knowing that said paddlefish were possessed and sold in violation of Missouri law. Id. NAHAPETYAN pleaded guilty on November 12, 2013. (Docket Entry 47).

Trial is scheduled to begin on August 18, 2014, before the Honorable Beth Phillips, United States District Judge. A motions hearing is scheduled for May 22, 2014, for oral argument on

1

Defendant's first motion to dismiss the indictment and for suppression of evidence. (Docket Entries 63, 66, 69). Defense counsel contacted the undersigned after filing the instant motion, and requested that the United States file its opposition prior to the scheduled response date of May 23, 2014. Defense counsel stated that he does not intend to file a reply to the United States' opposition, and would prefer to argue both of Defendant's motions on May 22, 2014. The Government stands ready to argue both of Defendants' motions to dismiss at that hearing.

## ARGUMENT

### I. The Indictment is Sufficient

Defendant argues that the Indictment must be dismissed because it insufficiently charges Missouri state regulations which, he contends, are "essential elements" of the charged offenses. Def. Motion at 1-10. This argument is without merit.

FEDERAL RULE OF CRIMINAL PROCEDURE 7(c), which governs the "Nature and Contents" of Indictments provides as follows:

> **(1) In General.** The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government . . . A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.
>
> **(2) Citation Error.** Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction.

"'An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution.'" United States v. Huggans, 650 F.3d 1210, 1217 (8th Cir. 2011) (quoting United States v. Summers, 137 F.3d 597, 601 (8th Cir. 1998)).

2

Count One of the Indictment charges Defendant with Conspiracy to commit Lacey Act trafficking in violation of 18 U.S.C. § 371. Indictment (Docket Entry 1). The essential elements of the Conspiracy crime charged in Count One are:

(1) Defendant and BOGDAN NAHAPETYAN reached an agreement to commit the crime of Lacey Act trafficking;

(2) Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

(3) At the time Defendant joined in the agreement, Defendant knew the purpose of the agreement; and

(4) While the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

18 U.S.C. § 371; Eighth Circuit Model Criminal Jury Instruction 5.06A-I.

Regarding Count One, the Indictment alleges as follows:

> 16. On or about and between March 20, 2012, and April 28, 2012, those dates being approximate and inclusive, in the Western District of Missouri and elsewhere, Defendants PETR BABENKO and BOGDAN NAHAPETYAN, a\k\a "ARA", and others both known and unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree with each other to commit an offense against the United States, namely:
>
> 17. Objective of the Conspiracy: To knowingly engage in conduct involving the sale and purchase, offer to sell and purchase, and intent to sell and purchase fish having a market value exceeding $350, to wit: paddlefish and paddlefish eggs (*Polydon spathula*), by knowingly transporting said fish in interstate commerce, knowing that said fish were possessed and sold in violation of, and in a manner unlawful under, Missouri state law and regulation, specifically 3 CSR 10-4.110, 10-6.405(3)(F), 3 CSR 10-4.136, 3 CSR 10-4.137, 3 CSR 10-6.525, and 3 CSR 10-10.728. Such conduct is prohibited by the Lacey Act, at Title 16, United States Code, Sections 3372(a)(2)(A), and 3373(d)(1)(B).

Indictment (Docket Entry 1) at 3-4. The Indictment alleges four "manners and means" describing the course of the Conspirators' conduct. Id. at 4. The Indictment further alleges the commission of nineteen overt acts in furtherance of the charged conspiracy. Id. at 4-8.

3

Count Two of the Indictment charges Defendant with Lacey Act trafficking in violation of 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B), and 18 U.S.C. § 2. Indictment (Docket Entry 1) at 8-9. The essential elements of the Lacey Act trafficking crime charged in Count Two are:

(1) Defendant knew that the fish had been possessed or sold in violation of, or in a manner unlawful under, Missouri law;

(2) The market value of the fish exceeded $350; and

(3) Defendant transported the fish by knowingly engaging in conduct that involved its sale or purchase, the offer to sell or purchase it, or the intent to sell or purchase it.

16 U.S.C. § 3372(a)(2)(A), 3373(d)(1)(B); Ninth Circuit[1] Model Criminal Jury Instruction 9.12.

Regarding Count Two, the Indictment alleges as follows:

> 23. The information contained in paragraphs 1 through 15[2] of this Indictment are re-alleged and incorporated herein.
>
> 24. On or about and between April 24, 2012, and April 28, 2012, those dates being approximate and inclusive, in the Western District of Missouri and elsewhere, Defendants PETR BABENKO and BOGDAN NAHAPETYAN, a\k\a "ARA", knowingly engaged in conduct involving the sale and purchase, offer to sell and purchase, and intent to sell and purchase fish having a market value in excess of $350, to wit: paddlefish and paddlefish eggs (*Polydon spathula*), by knowingly transporting, and causing to be transported, said fish in interstate commerce, knowing said fish were possessed and sold in violation of, and in a manner unlawful under, Missouri state law and regulation, specifically 3 CSR 10-4.110, 10-6.405(3)(F), 3 CSR 10-4.136, 3 CSR 10-4.137, 3 CSR 10-6.525, and 3 CSR 10-10.728.
>
> All in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(B); and Title 18, United States Code, Section 2.

Indictment (Docket Entry 1) at 8-9.

The Indictment fully and accurately charges the essential elements of both Count One and Count Two, according to the applicable statutes and model jury instructions. Indeed, Defendant

---

[1] To undersigned counsel's knowledge, the Ninth Circuit is the only Court to publish a model jury instruction for Lacey Act trafficking, and it is the instruction which is most often recommended by counsel for the United States in Lacey Act prosecutions.

[2] Paragraphs 1-15 of the Indictment contain introductory allegations which identify the Conspirators and recite relevant state and federal laws and regulations. Indictment (Docket Entry 1) at 1-3.

does not dispute that the Indictment accurately charges the essential, statutory elements of the crimes. Rather, Defendant asserts that the Indictment is insufficient because it fails to cite certain Missouri regulations which, in his opinion, are relevant to the crimes charged. Def. Motion at 1-10. Defendant argues that the omission of these statutes is grounds for dismissal of the Indictment. Id. Defendant's argument is without merit.

The Eighth Circuit has repeatedly held that constitutional sufficiency does not rest on whether the Indictment uses specific words or alleges every possible way in which the defendant may have committed the crimes charged. See, e.g., United States v. Redzic, 627 F.3d 683, 689 (8th Cir. 2010) (indictment sufficient even though it omitted the statutory language "honest services"); United States v. Hance, 501 F.3d 900, 906 (8th Cir. 2007) (indictment sufficient despite failure to allege every false statement that Defendant made); United States v. Henderson, 416 F.3d 686, 693 (8th Cir. 2005) (indictment sufficient despite failure to allege materiality as an element of wire fraud, because materiality was implied in the allegations); United States v. Ferro, 252 F.3d 964, 967-68 (8th Cir. 2001) (same); United States v. Pemberton, 121 F.3d 1157, 1169 (8th Cir.1997) (indictment sufficient despite failure to allege an agency relationship between the defendant and the Leech Lake Band of Chippewa Indians, a statutory element of the crime charged). This is true because the fundamental inquiry is whether the Indictment sufficiently apprises the defendant "'of the charges he would be required to defend against,' allowing him "'to effectively prepare for trial.'" United States v. Diaz-Diaz, 135 F.3d 572, 576-77 (8th Cir. 1998) (quoting Pemberton, 121 F.3d at 1169).

Moreover, even if Defendant were correct that the Indictment contains citation errors or omissions, he would not be entitled to dismissal. FEDERAL RULE OF CRIMINAL PROCEDURE 7(c)(2) specifically states that "neither an error in a citation nor a citation's omission" constitute

5

grounds for dismissal of the indictment, unless that error caused Defendant to be "misled and thereby prejudiced. . . ." Defendant does not, and cannot, argue that he was prejudiced by being inadequately apprised of the charges in a way that prevented him from effectively preparing for trial. Quite the contrary, Defendant's motion provides analysis of several Missouri regulations which, he contends, demand an acquittal — thus demonstrating that he was apprised of the nature of the charges in a way that allowed him to prepare his defense.

## II. Defendant's Fifth Amendment Rights Were Not Violated

Defendant next argues that the Indictment must be dismissed because the Government did not present sufficient evidence to the Grand Jury to support an Indictment on the crimes charged. Def. Motion at 1, 4, 8-11. This argument is similarly meritless.

Though not specifically styled as such, Defendant appears to ask the Court to conduct a pretrial hearing on the sufficiency of the evidence presented to the Grand Jury. This is a civil remedy, to which Defendant is not entitled. As the Eighth Circuit stated in Ferro:

> "In civil cases, of course, the summary judgment procedures contemplated by FEDERAL RULE OF CIVIL PROCEDURE 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 29 . . . . [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be."

252 F.3d at 968 (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000)). The procedural nuances contained within the FEDERAL RULES OF CIVIL PROCEDURE are not available to Defendant in this case.

The Supreme Court has long held that an Indictment may not be challenged on the ground that there was inadequate evidence presented before the grand jury. Costello v. United States, 350 U.S. 359, 363 (1956). Indeed, Courts have been rejecting the argument now proffered by

6

Defendant for more than 160 years. See, e.g., United States v. Reed, 27 F. Cas. 727, 738 (No. 16,134) (CCNDNY 1852) ("No case has been cited, nor have we been able to find any, furnishing an authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof, or whether there was a deficiency in respect to any part of the complaint. . . ."), quoted in United States v. Williams, 504 U.S. 36, 54 (1992)

The Costello Court held that allowing such challenges would allow defendants to "insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment." Id. Rather, "[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Id.; see also Ferro, 252 F.3d at 967-68 (holding that, so long as an indictment contains a facially sufficient allegation of the essential elements, the criminal procedure rules do not "provide for a pre-trial determination of sufficiency of the evidence") (quoting United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992)).

The Government submitted evidence regarding the essential elements of the crimes charged to the Grand Jury, and they returned an Indictment which is valid on its face and sufficient to call for a trial on the merits. Contrary to the Defendant's argument, the Government is not required to argue its entire theory before the Grand Jury; nor is it required to provide exculpatory evidence, or enunciate the Defendant's rebuttal to the crimes alleged. Williams, 504 U.S. at 54. Quite simply, the law does not require what Defendant thinks it does; nor does it provide for the remedy he seeks.

7

## **CONCLUSION**

The Indictment contains a plain, concise, and definite statement of the essential facts and elements which constitute the charged offenses. The Indictment sufficiently apprised Defendant of the nature of those charges in a way that allowed him to effectively prepare for trial. Defendant has shown that he was not prejudiced by the alleged citation errors within the Indictment, and the FEDERAL RULES OF CRIMINAL PROCEDURE do not provide for a "summary judgment" consideration of the evidence presented to the Grand Jury.

WHEREFORE the United States respectfully requests that Defendant's "Motion to Dismiss Indictment on Grounds of Insufficiency of the Indictment and Breach of Fifth Amendment Rights" be DENIED.

Dated: <u>May 19, 2014</u>.

Respectfully submitted,

**Tammy Dickinson**
United States Attorney

By        /S/
**Lawrence E. Miller**
Assistant United States Attorney
Missouri Bar No. 39531

          /S/
**James B. Nelson**
Trial Attorney
United States Department of Justice
Environmental Crimes Section
Nevada Bar No. 9134

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 19, 2014, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/S/
**James B. Nelson**
Trial Attorney
United States Department of Justice
Environmental Crimes Section