IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:13-cr-04016-SRB-1 |
| v. ) | |
| ) | |
| PETR BABENKO, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE IRRELEVANT EVIDENCE AND ARGUMENT AT TRIAL

The United States of America, by and through United States Attorney Tammy Dickinson and undersigned counsel, respectfully submits its reply to the Defendant's Opposition to the Government's Motion *In Limine* to Preclude Irrelevant Evidence and Argument at Trial.

## PROCEDURAL HISTORY

Jury trial in the above-captioned matter is scheduled to begin on August 17, 2015, before the Honorable Stephen R. Bough, United States District Judge. Defendant PETR BABENKO was indicted on February 26, 2013, along with BOGDAN NAHAPETYAN (collectively "the Conspirators") and charged with one count of Conspiracy and one count of Lacey Act trafficking. Indictment (Docket Entry 1). Those counts arose from the Conspirators' actions in negotiating for the purchase of, and purchasing, paddlefish and paddlefish caviar in Benton County, Missouri, knowing that said paddlefish were taken, possessed, transported, and sold in violation of Missouri law. Id.

On August 5, 2015, the Government moved the Court, *in limine*, to exclude any reference to the fact that the 80 pounds of paddlefish caviar sold to the Defendant on April 24, 2012,

1

originated in Oklahoma. (Docket Entry 114). On August 12, 2015, 2015, the Defendant filed his opposition to that motion. (Docket Entry 119).

**ARGUMENT**

1. <u>All Nine of the Paddlefish sold to the Conspirators originated in Missouri</u>

The Defendant asserts that "[t]he evidence will show that the paddlefish at issue in this case originated, e.g. was 'taken,' in the State of Oklahoma." <u>Defendant's Opposition</u> (Docket Entry 119), at 2. This assertion is incorrect. All nine fish sold to the Conspirators were taken from the Blind Pony Hatchery, which is a Missouri water. As such, those fish are subject to Missouri take and possession limits, as well as the permitting requirements and prohibitions governing their purchase and sale.

2. <u>The 80 Pounds of Processed Paddlefish Caviar Originated in Oklahoma</u>

The processed paddlefish caviar sold to the Defendants on April 24, 2012, was provided to investigators by the Oklahoma Department of Wildlife Conservation to assist in the Operation Roadhouse investigation. The government has previously argued, based on good faith reliance on its research and discussion with agents, that this caviar was subject to the Missouri Roe Fish Dealer Permit requirements. The government learned, today, that this assertion is incorrect.

Under Missouri law, the Oklahoma caviar could be sold or possessed without a permit so long as the seller and buyer both maintained a dated, written, and signed statement or receipt which shows that the caviar was legally obtained from a commercial source. 3 CSR 10-9.110(3). The evidence will show that no such receipt or statement was prepared or maintained in this case. It is a violation of the Missouri wildlife code to possess such caviar without a written statement or receipt. <u>Id</u>. The possession of caviar in violation of State law is a valid predicate to the Lacey Act trafficking offense charged in Count Two of the Indictment. (Docket Entry 1). Thus, although this

information affects the Government's theory of the case with regard to the Oklahoma caviar, it does not affect the structure of the Indictment.

Given that different provisions of the Missouri wildlife code apply to the caviar, depending on its state of origin, the Government hereby withdraws its Motion *In Limine* (Docket Entry 114). Moreover, undersigned counsel has contacted counsel for the Defendant to explain this change in position, the reasons therefore, and will undertake to insert the applicable provisions of the Missouri wildlife code into the jury instructions.

Dated:  August 12, 2015.

Respectfully submitted,

**Tammy Dickinson**
United States Attorney

By   /S/

**Lawrence E. Miller**
Assistant United States Attorney
Missouri Bar No. 35931

/S/

**James B. Nelson**
Senior Trial Attorney
United States Department of Justice
Nevada Bar No. 9134

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on August 12, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                              /S/
                                    **James B. Nelson**
                                    Senior Trial Attorney
                                    United States Department of Justice
                                    Environmental Crimes Section